# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **Criminal Action No. 2021-0012** |
| ) | |
| **KAREME HOLST,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**Attorneys:**
**Rhonda Williams-Henry, Esq.**
St. Croix, U.S.V.I.
  *For the United States*

**Lisa L. Brown Williams, Esq.**
St. Croix, U.S.V.I.
  *For Defendant*

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the Report and Recommendation ("R&R") submitted by Magistrate Judge Emile A. Henderson III. (Dkt. No. 72). In his R&R, Magistrate Judge Henderson recommends that Defendant Kareme Holst's ("Defendant") Motion to Withdraw Plea of Guilty and Appoint Counsel ("Motion") (Dkt. No. 62) be denied. For the reasons that follow, the Court will adopt Magistrate Judge Henderson's R&R and will deny Defendant's Motion.

### I. BACKGROUND

On August 3, 2022, the Government filed an Indictment against Defendant, charging him with one count of possession with intent to distribute 500 grams or more of a controlled substance (cocaine powder) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii).[1] (Dkt. No. 48). On

---

[1] Prior to the Indictment, the Government charged Defendant by Criminal Complaint on October 20, 2021 (Dkt. No. 1), and then by Information on November 15, 2021 (Dkt. No. 11).

August 23, 2022, Defendant signed an Application for Permission to Enter Plea of Guilty stating, *inter alia*, that he offered his plea voluntarily with full understanding of all the matters set forth in the Indictment. (Dkt. No. 55 at 5). Counsel for Defendant signed a Certification of Counsel stating, *inter alia*, that she fully explained to Defendant the allegations contained in the Indictment and the consequences of the guilty plea. *Id*. at 6. On August 23, 2022, Magistrate Judge Henderson held a Change of Plea Hearing where he engaged in an extensive colloquy with Defendant in which Defendant confirmed that: (1) he was fully competent to submit a plea of guilty (Dkt. No. 68 at 8-9, 19-21, 25); (2) he was fully satisfied with the representation he received from his counsel, *id*. at 9; (3) he was pleading guilty by his own free will because he is in fact guilty, *id*. at 10; (4) he understood the rights he was foregoing by pleading guilty, including his right to a trial by jury, *id*. at 17-18; and (5) he agreed with the factual basis for his plea of guilty and believed that the government can prove beyond a reasonable doubt the case against him, *id*. at 24. On August 25, 2022, Magistrate Judge Henderson issued a Report and Recommendation that Defendant's guilty plea be accepted (Dkt. No. 59), and on September 14, 2022, the Court accepted the guilty plea (Dkt. No. 60).

On October 17, 2022, despite being represented by counsel, Defendant filed *pro se* the instant Motion to Withdraw Plea of Guilty and Appoint Counsel (Dkt. No. 62), stating: (1) his rights to discovery under Rule 16 of the Federal Rules of Criminal Procedure were violated by the Government; (2) his Fourth and Eighth Amendment Rights were violated; (3) the reports by his arresting officers were conflicting and must be investigated further; (4) he has a mental health issue that caused him to be nervous and anxious and to sign the Plea Agreement; and (5) his counsel's representation has been ineffective. (Dkt. No. 62 at 1-3). For these reasons, Defendant requests that the Court appoint new counsel to represent him and schedule a hearing to "discuss

these very important matters." *Id*. at 1, 3. On October 28, 2022, the Court referred this matter to Magistrate Judge Henderson for an R&R. (Dkt. No. 66). The Government then filed an "Opposition to Defendant's Motion to Withdraw Guilty Plea," arguing that Defendant did not meet the criteria to warrant withdrawal of his plea. (Dkt. No. 71).

On November 17, 2022, Magistrate Judge Henderson issued the R&R, recommending that the Motion be denied because Defendant did not assert his innocence, nor provide valid reasons for withdrawing his guilty plea. (Dkt. No. 72). Specifically, the Magistrate Judge finds that Defendant did not assert his innocence in the Motion or during his plea hearing, but instead stated under oath that the Government could prove his guilt beyond a reasonable doubt and that he was pleading guilty based on his own free will because he was in fact guilty. *Id*. at 5. The fact that Defendant never asserted his innocence weighed against allowing him to withdraw his plea. *Id*.

Further, the Magistrate Judge finds that Defendant's reasons for withdrawing his guilty plea were vague and did not provide a proper basis for withdrawing the plea. *Id*. at 5-9. Defendant claimed that his rights under Rule 16 of the Federal Rules of Criminal Procedure and the Fourth and Eight Amendments were violated but alleged no facts to support the claims.[2] *Id*. at 5. Despite Defendant's claim that he has mental health issues that caused him to be nervous and anxious and to sign the plea, his counsel specifically clarified at the change of plea hearing that he was competent, and after questioning, Magistrate Judge Henderson confirmed that Defendant was fully competent. *Id*. at 6. Defendant also claims that he felt that his counsel pressured him to take a plea—while at the same time clarifying that his counsel did not "force" him to do so—and that she

---

[2] In response to Defendant's claims that his rights to discovery under Rule 16 of the Federal Rules of Criminal Procedure were violated, Judge Henderson notes that the Government represented that it had provided all of the discovery materials to Defendant at the time of the change of plea hearing. (Dkt. Nos. 71 at 4, 72 at 8).

was ineffective in her assistance. *Id*. at 5, 8-9. However, these claims are undercut by Defendant's statements under oath at the hearing that he was fully satisfied with the representation he received from his counsel; that he was not forced to plead guilty; and that he was pleading guilty "of his own free will because he was in fact guilty." *Id*. at 8-9. Finally, the Magistrate Judge notes that Defendant's calls for further investigation of his arresting officers represented a "shift in defense tactics," which is insufficient to support a motion to withdraw his guilty plea. *Id*. at 8. Because Defendant did not assert his innocence and had not put forth any valid reason to withdraw his guilty plea, the Magistrate Judge did not consider whether withdrawal of Defendant's guilty plea would prejudice the Government and recommends that the Court deny Defendant's Motion to withdraw his guilty plea. *Id*. at 10-11.

The Magistrate Judge also states that to the extent Defendant's Motion constituted a motion for appointment of new counsel, Defendant is already represented by counsel and has provided no grounds for appointment of new counsel. *Id*. at 10-11. The Magistrate Judge therefore recommends that Defendant's request for appointment of new counsel be denied. *Id*. The Magistrate Judge likewise recommends that the Court deny Defendant's request for a hearing because he has provided no grounds for withdrawal of his guilty plea and the record shows that the plea was "voluntarily, knowingly, and intelligently made."[3] *Id*. at 10.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1), objections to Magistrate Judge Henderson's R&R were due fourteen days after Defendant received a copy. The docket report reflects that after one

---

[3] The Magistrate Judge also notes that the Government requests "specific performance" of Defendant's obligations under the Plea Agreement, but clarifies that no recommendation with respect to this request is provided because the Government has not filed a motion for specific performance and with the Court's denial of Defendant's Motion, Defendant will be required to perform under the Plea Agreement. (Dkt. No. 72 at 11).

unsuccessful attempt, the R&R was delivered to Defendant on December 28, 2022.[4] As of the date of this Order, no parties have submitted objections to the R&R.

Where—as here—the parties do not object to a magistrate judge's R&R, there is no statutory requirement that a district court review the R&R before accepting it. *See Thomas v. Arn*, 474 U.S. 140, 151 (1985); 28 U.S.C. § 636(b)(1)(C) (a district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*") (emphasis added); *see also Banco Popular de Puerto Rico v. Gilbert*, 424 F. App'x 151, 153 (3d Cir. 2011) (recognizing that *Thomas* permits the district court to decline to review undisputed recommendations). Notwithstanding *Thomas*, the Third Circuit has stressed that, even in the absence of an objection, the "better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).

When no objection to a magistrate judge's report and recommendation is made, the district court reviews the report and recommendation for plain error. *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006), aff'd, 276 Fed. App'x 125 (3d Cir. 2008) (explaining that by failing to object to a report and recommendation, the litigant "waived its right to have this Court conduct a de novo review," and that in those circumstances, "the scope of [the court's] review is far more limited and is conducted under the far more deferential standard of 'plain error.'"). Under this standard, a district court reviews a magistrate judge's report and recommendation for error that is clear or

---

[4] The docket report reflects that a copy of the R&R was mailed to Defendant on November 18, 2022 (Dkt. No. 73) but was returned as undeliverable on December 20, 2022 (Dkt. No. 78). The R&R was mailed again on December 20, 2022. (Dkt. No. 79). The return receipt indicates that the R&R was delivered to Defendant's facility on December 28, 2022. (Dkt. No. 80).

obvious and "seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Sargeant*, 171 F. App'x 954, 957 n.4 (3d Cir. 2006).

A defendant may withdraw a plea of guilty before sentencing if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). To determine if there has been such a showing, "[a] district court must consider three factors . . . (1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003). However, if the first two factors are not satisfied, the third factor need not be considered. *Id*. at 255 ("the Government need not show such prejudice when a defendant has failed to demonstrate that the other factors support a withdrawal of the plea."). The burden of demonstrating those factors "is substantial" and "falls on the defendant[.]" *Id*. at 252.

Based on the Court's review of the record in this case, the Court finds that there is no plain error in Magistrate Judge Henderson's rulings. The R&R properly recites and applies the law that governs the withdrawal of guilty pleas. In this regard, there is no clear or obvious error in the Magistrate Judge's findings that Defendant has not asserted his innocence and has not provided valid reasons to withdraw his guilty plea. The Court likewise finds no plain error in the related denial of Defendant's requests for a hearing and for appointment of counsel. Accordingly, the Court will adopt the Magistrate Judge's Report and Recommendation. (Dkt. No. 72).

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Magistrate Judge Emile A. Henderson III's R&R (Dkt. No. 72) is **ADOPTED** for the reasons stated herein and more fully stated in the R&R; and it is further

**ORDERED** that Defendant's Motion to Withdraw Plea of Guilty and Appoint Counsel (Dkt. No. 62) is **DENIED**; and it is further

**ORDERED** that the parties shall file any objections to the Presentence Investigation Report (Dkt. No. 75) by **June 14, 2023**[5]; and it is further

**ORDERED** that Defendant shall have up to and including **July 26, 2023** within which to file a sentencing memorandum containing the arguments he intends to present at the sentencing hearing. The sentencing memorandum shall cite, with specificity, the legal authority justifying the arguments advanced, including the relevant statutory and sentencing guideline provisions which support any departure or variance sought; and it is further

**ORDERED** that the Government shall have up to and including **August 2, 2023** within which to file a response to Defendant's sentencing memorandum, indicating its position with respect to the arguments advanced by Defendant and setting forth the arguments it intends to present at the sentencing hearing. The Government shall also cite, with specificity, the legal authority upon which it relies, including the relevant statutory and sentencing guideline provisions which support any departure or variance sought; and it is further

**ORDERED** that Defendant's sentencing hearing is **SCHEDULED** for **August 16, 2023** at 9:30 AM in STX Courtroom 1.

**SO ORDERED**.

Date: May 31, 2023

_____/s/_____
WILMA A. LEWIS
District Judge

---

[5] The Court previously granted Defendant's "Unopposed Motion for Extension of Time to File Objections to Presentence Investigation Report" (Dkt. No. 69) and continued the deadline for Defendant to file any objections to the Presentence Investigation Report until further Order of the Court while Defendant's Motion to Withdraw Plea of Guilty and Appoint Counsel remained pending. (Dkt. No. 70).